[Cite as *State v. Castellon*, 2026-Ohio-2944.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

    Plaintiff-Appellee,          :

    v.                           :

ESTEPHEN CASTELLON,                      :

    Defendant-Appellant.         :

No. 115907

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 30, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-16-610907-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony T. Miranda, Assistant Prosecuting Attorney, *for appellee.*

Estephen Castellon, *pro se.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Estephen Castellon ("Castellon"), pro se, appeals from the trial court's summary denial of his successive postconviction-relief petition ("PCR petition"). For the following reasons, we affirm the trial court's judgment.

## I.  Facts and Procedural History

{¶ 2} In December 2017, the court found Castellon guilty of raping and kidnapping his girlfriend's 18-year-old daughter.  In January 2018, the court sentenced Castellon to seven years in prison.  This court affirmed Castellon's convictions and sentence in a direct appeal.  *State v. Castellon*, 2019-Ohio-628 (8th Dist.) ("*Castellon I*").  Castellon filed an application to reopen his appeal pursuant to App.R. 26(B) arguing ineffective assistance of appellate counsel. This court denied said application.  *State v. Castellon*, 2019-Ohio-3652 (8th Dist.) ("*Castellon II*").

{¶ 3} In March 2019, Castellon filed his first PCR petition, which the trial court denied.  In the petition, one of Castellon's arguments was that "information was missing from the defendant[']s cell phone" and the police "submitted corrupted data (cell phone and dump) . . . . Further this corrupted data (cell phone and dump) was used against him throughout the trial as consciousness of guilt."  Castellon did not appeal the denial of his first PCR petition.

{¶ 4} In February 2023, Castellon filed a second PCR petition, which the court denied.  Castellon appealed, and we affirmed the trial court's denial of his second PCR petition, finding that the "trial court was without jurisdiction to consider Castellon's untimely and successive petition because he was not unavoidably prevented from discovering the facts on which his arguments are based."  *State v. Castellon*, 2023-Ohio-4215, ¶ 18 (8th Dist.) ("*Castellon III*").  This

court further found that Castellon could have raised his arguments in his direct appeal or his first PCR petition, therefore, they were barred by res judicata. *Id.*

{¶ 5} In February 2025, Castellon filed his third PCR petition, which the trial court denied. Castellon appeals this latest denial, raising four assignments of error for our review.

> I.     The trial court abused its discretion by summarily denying Appellant's Petition for Post-conviction Relief where newly discovered evidence — the Johnson Affidavit — conclusively proves the State secured a conviction through perjured testimony and a fabricated evidentiary timeline, satisfying the jurisdictional requirements of R.C. § 2953.23(A)(1) demonstrating Appellant was "unavoidably prevented" from discovery by the State's active concealment of forensic evidence.
>
> II.    The trial court erred in failing to conduct an evidentiary hearing when the Petitioner presented sworn affidavits and forensic records that create a direct conflict with the trial testimony of the State's lead detective, thereby establishing a prima facie case of fraud upon the court.
>
> III.   The trial court erred in denying relief where the newly discovered evidence establishes that the State obtained time waivers through bad-faith deception and Crim.R. 41 violations, resulting in a structural violation of Appellant's Sixth Amendment right to a Speedy Trial.
>
> IV.    The trial court erred in denying relief on the grounds of Ineffective Assistance of Counsel where the record demonstrates that trial counsel failed to investigate known tampering/data corruption and abandoned the defense's duty to challenge a fraudulent search warrant timeline.

## II.  Law and Analysis

{¶ 6} A PCR petition "is a civil collateral attack on a criminal judgment, in which the petitioner may present constitutional issues to the court that would otherwise be impossible to review because the evidence supporting the issues is not contained in the record of the petitioner's criminal conviction." *State v. Fields*,

2023-Ohio-4543, ¶ 10 (8th Dist.), citing *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999).

{¶ 7} Pursuant to R.C. 2953.21(A)(2)(a), a PCR petition "shall be filed no later than [365] days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction . . . ." It is undisputed that the trial transcript in *Castellon I* was filed on March 26, 2018. It is also undisputed that Castellon's third PCR petition, which is at issue in this appeal, was filed on February 12, 2025, far more than 365 days after March 26, 2018. Therefore, Castellon's successive PCR petition is untimely under the statute.

{¶ 8} Our standard of review as to whether a trial court has jurisdiction to review an untimely and successive PCR petition is de novo. *State v. Bethel*, 2022-Ohio-783, ¶ 20.

{¶ 9} Trial courts do not have jurisdiction to review untimely PCR petitions unless one of the two exceptions in R.C. 2953.23(A) applies. R.C. 2953.23(A)(1) is the alleged exception in this case, and it states, in part, that a court may not entertain an untimely PCR petition unless . . . [b]oth of the following apply:

> (a) . . . the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief . . . [and]
>
> (b) [t]he petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted . . . .

## A. The Johnson Affidavit

### 1. R.C. 2953.23(A)(1)(a) – Unavoidably Prevented

{¶ 10} This court has held that a PCR petitioner is unavoidably prevented from discovery of the facts if he was "unaware of those facts and . . . unable to learn of them through reasonable diligence." *State v. Short*, 2003-Ohio-3538, ¶ 9 (8th Dist.). *See also State v. Bethel*, 2022-Ohio-783, ¶ 21 ("To meet [the unavoidably prevented] standard, courts in Ohio have previously held that a defendant ordinarily must show that he was unaware of the evidence he is relying on and that he could not have discovered the evidence by exercising reasonable diligence.").

{¶ 11} On appeal, Castellon argues that he was unavoidably prevented from discovering facts contained in the affidavit of Westlake Police Department Digital Forensics Examiner Richard Johnson ("Johnson"). This affidavit was procured by the City of Westlake in *State ex rel. Castellon v. Maloney*, 2025-Ohio-4687, which is a writ of mandamus Castellon filed in the Ohio Supreme Court. In this writ, Castellon sought the production of public records concerning the search and seizure of his cell phone in relation to this case. *Id.* at ¶ 3. The Ohio Supreme Court denied the writ as well as Castellon's request for statutory damages, court costs and attorney's fees. *Id.* at ¶ 32.

{¶ 12} Castellon attached Johnson's affidavit to his third PCR petition, which is at issue in this appeal. In this affidavit, Johnson attested to the following: He received Castellon's cell phone in relation to this case on January 4, 2017. He completed a cell phone "dump" the same day and provided "a report related to the

examination of" Castellon's cell phone to the Lakewood Police Department on January 6, 2017. The cell phone "dump" resulted in machine-coded data, which is "not human readable and therefor requires special tools to process the data into a human readable report." Both the machine-coded data and the report were provided to Castellon as a result of his public-records request in *Maloney*.

{¶ 13} In denying Castellon's writ, the court concluded as follows:

> In his affidavit, the digital-forensics examiner states that both the machine-coded data and the human-readable report were provided to Castellon. However, the examiner also suggests in his affidavit that [certain] software must be used to read the human-readable report . . . . Castellon appears not to understand that he must use particular software to read the human-readable record that was provided to him.
>
> . . .
>
> [The law] does not require the police department to provide Castellon with the proprietary software needed to read the iPhone data provided to him.
>
> . . .
>
> Ultimately, the police department provided Castellon with the existing iPhone-data records that are responsive to his public-records request in the format in which it keeps them.

*Id.* at ¶ 21-26.

{¶ 14} According to Castellon, the Johnson affidavit amounts to new evidence that he was unavoidably prevented from discovering because "[f]or eight years, the State maintained the position that Appellant's iPhone was a black box requiring the FBI's intervention in Quantico. A fabricated narrative that served as justification for a 16-month trial delay." Castellon's appellate brief further states that *Maloney* and Johnson's affidavit "unmasked this fabrication."

{¶ 15} Despite a careful reading of Castellon's appellate briefing, it is unclear what fabrication Castellon believes occurred and, more importantly, how this alleged fabrication denied him a fair trial.

{¶ 16} In applying R.C. 2953.23(A)(1)(a) to the facts of this case, we find that Castellon was not unavoidably prevented from discovering the facts on which he relies to present his claim for postconviction relief. Castellon learned of Johnson's role in extracting information from his cell phone as early as during the time of his trial; Castellon fails to establish that, in the exercise of due diligence, he could not have discovered this prior to trial. Indeed, in *Castellon III*, this court stated that "Castellon obviously knew what was on his own cell phone long before" his voluminous postconviction filings in this case. *Castellon III* at ¶ 37. The *Castellon III* Court further stated that "Castellon was well aware, before trial, of how investigators searched his phone and the timeline for doing so. He was not unavoidably prevented from making this argument at trial, in the direct appeal or in his first petition for postconviction relief." *Id*. at ¶ 42.

{¶ 17} Our review of the record in this case shows that Castellon was aware during his trial in 2017 that Johnson conducted the "dump" of his cell phone associated with this case. During trial, the prosecutor asked the detective who conducted the "phone dump," and the detective answered, "Rich Johnson from Westlake Police Department." The detective further testified that Johnson provided him with a "mirror image" of Castellon's cell phone. Accordingly, the information contained in Johnson's affidavit is not newly discovered evidence as contemplated

by Ohio law. Johnson did not testify at Castellon's trial, but nothing prevented Castellon from calling Johnson as a witness at the time of trial. *See, e.g., State v. Saban*, 1999 Ohio App. LEXIS 1068 (8th Dist. Mar. 18, 1999) ("The evidence defendant claims to support his motion for a new trial is neither 'new' nor was it not discoverable for the simple reason that the witnesses were all known to the defense" at the time of trial.).

### B. Body-Camera Footage

{¶ 18} Castellon further argues that, in addition to Johnson's affidavit, allegedly newly discovered evidence concerning "destroyed body-camera footage" also meets the jurisdictional requirements of a PCR petition under R.C. 2953.23. In *State ex rel. Castellon v. Swallow*, 2025-Ohio-5576, yet another writ that Castellon filed in the Ohio Supreme Court involving this case, the City of Lakewood procured an affidavit from Jennifer Swallow, the city's chief assistant law director. *Id*. at ¶ 8. In this affidavit, Swallow "attests that the police department's initial response to Castellon's February 23 public-records request was not fully accurate, because the requested body-camera footage had been deleted in accordance with the department's records-retention schedule, not 'expunged' as originally stated." *Id*. Notwithstanding the nonsensical reliance on the difference between the word "deleted" and the word "expunged" as applied to the facts of this case, Castellon was well aware of the body-camera footage during his trial. In *Castellon III*, this court noted that Castellon's "trial counsel cross-examined state witnesses about the circumstances of the state's deletion of the body-camera recordings at trial. Indeed,

Castellon raised these arguments in his pro se motion to file a supplemental brief in his direct appeal, in his federal habeas case and in his first" PCR petition. *Id.* at ¶ 37. We can easily conclude that Castellon was not unavoidably prevented from discovering the facts about the body-camera footage in Swallow's affidavit.

{¶ 19} In summary, Castellon failed to satisfy the first prong of R.C. 2953.23(A)(1) because he did not establish that he was unavoidably prevented from discovering any facts upon which he relies to present his claim for relief. We need not review the second prong of the statutes because "[t]hese two prongs are framed in the conjunctive and therefore both must be met." *State v. Miller*, 2025-Ohio-4639, ¶ 11 (11th Dist.). Accordingly, the trial court lacked jurisdiction to rule on the merits of Castellon's PCR petition.

{¶ 20} Furthermore, even if the PCR petition was timely filed, the doctrine of res judicata barred the trial court from considering Castellon's claims. "A [PCR petition] may be dismissed without an evidentiary hearing when the claims raised are barred by the doctrine of res judicata." *State v. Fields*, 2023-Ohio-4543, ¶ 12 (8th Dist.). "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 180 (1967). *See also State v. Sneed*, 2005-Ohio-1865, ¶ 16 (8th Dist.)

("[R]es judicata prevents repeated attacks on a final judgment and applies to issues that were or might have been previously litigated.").

{¶ 21} All four of Castellon's assignments of error in this case are based on his argument that the court erred by denying his PCR petition because he was unavoidably prevented from discovering new evidence. Given our finding that this argument is without merit, all of Castellon's assignments of error are overruled.

{¶ 22} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
EMANUELLA D. GROVES, J., CONCUR